IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN CLARK, a Minor, through
his Next Friend, AMY CLARK,

      Plaintiff,

v.

BOAT HOLDINGS, LLC, d/b/a
BENNINGTON MARINE and
POLARIS INC.,

      Defendants.

Case No. 2:20-cv-13078-TGB-DRG

Hon. Terrence G. Berg

Paul F. Doherty
Ven R. Johnson
JOHNSON LAW, PLC
535 Griswold Street, Suite 2632
Detroit, MI 48226
pdoherty@venjohnsonlaw.com
vjohnson@venjohnsonlaw.com

*Attorneys for Plaintiff*

Anthony C. Sallah (P84136)
BARNES & THORNBURG, LLP
171 Monroe Avenue, NW
Suite 1000
Grand Rapids, MI 49503
P: (616) 742-3976
asallah@btlaw.com

Dawn M. Beery
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
71 South Wacker Dr.
Suite 1600
Chicago, IL 60606
P: (312) 212-4968
dbeery@beneschlaw.com

*Attorneys for Defendants Boat Holdings, LLC d/b/a Bennington Marine, now known as Polaris Boats LLC, and Polaris Inc.*

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS BOAT HOLDINGS LLC d/b/a BENNINGTON MARINE, now known as POLARIS BOATS LLC, AND POLARIS INC.

NOW COME Defendants Boat Holdings, LLC d/b/a Bennington Marine, now known as Polaris Boats LLC, and Polaris Inc. (collectively "Polaris"), by and through undersigned counsel, and answer Plaintiff's Complaint as follows:

1.     Plaintiff, Nathan Clark, a minor, brings this action through his Next Friend, Amy Clark, his mother.

**ANSWER:** Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and therefore denies the allegations.

2.     For all times relevant, Plaintiff Nathan Clark was a citizen of the State of Michigan and resided in Macomb County, Michigan.

**ANSWER:** Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and therefore denies the allegations.

3.     Defendant, Boat Holdings, LLC, d/b/a Bennington Marine ("Boat Holdings") is a foreign corporation organized and existing, upon information and belief, pursuant to the laws of the State of Indiana. Boat Holdings purports to offer a lineup of pontoon boats through its Bennington Marine brand.

2

**ANSWER:** Boat Holdings, LLC d/b/a Bennington Marine is now known as Polaris Boats LLC. Polaris Boats LLC is a Delaware LLC headquartered in Indiana. Polaris Boats LLC offers a full lineup of pontoon, deck, and cruiser boats through its recognized brands including Bennington.

4.     Defendant, Polaris Inc. ("Polaris") is a foreign corporation organized and existing, upon information and belief, pursuant to the laws of the State of Indiana.

**ANSWER:** Polaris denies the allegations contained in Paragraph 4 of the Complaint. Polaris Inc. is a Minnesota corporation.

5.     In or about 2018, Defendant Polaris acquired Boat Holdings including the Bennington Marine brand which included, upon information and belief, Boat Holdings' liabilities. Therefore, Defendant Boat Holdings and Defendant Polaris will be collectively referred to as "Defendant."

**ANSWER:** Polaris admits the allegations contained in Paragraph 5 of the Complaint.

6.     The amount in controversy exceeds $25,000 and this matter is otherwise within the jurisdiction this Court.

**ANSWER:** Polaris admits that Plaintiff is seeking in excess of $25,000 and that this matter is within the jurisdiction of this Court.

## ANSWER TO COMMON ALLEGATIONS

7.      Plaintiff incorporates by reference paragraphs 1-6 above as if set forth fully herein.

**ANSWER:** Polaris incorporates by reference its responses to Paragraphs 1-6 of the Complaint as if fully rewritten herein.

8.      Defendant is the manufacturer of a 2001 watercraft, referred to as a "Pontoon Boat"; hull # ETWO8602F00, which was sold under the Bennington name ("subject boat").

**ANSWER:** Polaris admits the allegations contained in Paragraph 8 of the Complaint.

9.      The subject boat includes a defective railing/swinging gate design: The outer rail and attached swinging gate, which passengers are intended to and do use to enter and exit the deck of the boat, contains symmetric convex portions on either side of the gate, creating a downward sloping, gradually narrowing area in which fingers can be and are easily entrapped (hereinafter "entrapment defect"). The downward slope of the railing near the downward slope of the gate also facilitates or "funnels" the movement of the hand into this pinch-point, resulting in a significant risk for avulsion-type finger amputation, typically involving the fifth digit, as would-be swimmers jump from the boat into the water.

**ANSWER:** Polaris denies the allegations contained in Paragraph 9 of the Complaint.

10.     Since the introduction of this and similar designs by Defendant and other pontoon boat manufacturers, and for many years prior to the incident involving Plaintiff, have been repeatedly placed on notice and sued concerning the entrapment defect.

**ANSWER:** Polaris denies the allegations contained in Paragraph 10 of the Complaint.

11.     Pontoon boat manufacturers, including Defendant, have long recognized the hazard posed by the entrapment defect and have issued multiple recalls. Defendant issued a recall in 2002 acknowledging the danger created by the entrapment defect.

**ANSWER:** Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to other pontoon boat manufacturers and therefore denies the allegations as to other pontoon boat manufacturers.  Polaris denies that it issued a recall in 2002 acknowledging the danger created by the entrapment defect.  Polaris admits that it issued a recall in 2001 for all 1998 through 2001 model year Bennington pontoon boats and that it made available at no cost to consumers a Gate Corner kit to minimize the possibility of a person's finger(s) lodging between the point where a railing and gate meet on the boat.

12.     On July 4, 2020, Plaintiff was aboard the subject boat, which was on the Au Sable River, a navigable waterway located in the territorial waters of the State of Michigan.

**ANSWER:** Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and therefore denies the allegations.

13.     As Plaintiff stepped through the access gate and attempted to descend into the water, the fifth digit of his right (dominant) hand was caught in the entrapment defect, degloving the digit and causing significant damage to the bones, tendons and nerves, necessitating surgical amputation.

**ANSWER:** Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and therefore denies the allegations.

## ANSWER TO COUNT ONE

14.     Plaintiff incorporates by reference paragraphs 1-13 above as if set forth fully herein.

**ANSWER:** Polaris incorporates by reference its responses to Paragraphs 1-13 of the Complaint as if fully rewritten herein.

15.     Defendant owed Plaintiff a duty to act reasonable in connection with the design and manufacture of the subject boat which included, without limitation,

designing the railing and hinged door and related intersecting points such that there was no entrapment defect. Among other things, the entrapment defect and risk of finger injury was well known in the industry dating back to and before the time of the subject boat's manufacture.

**ANSWER:** The allegations in Paragraph 15 are legal conclusions to which no response is required. To the extent a response is required, Polaris denies the allegations in Paragraph 15 of the Complaint.

16.     In addition or in the alternative foregoing, Defendant owed a duty to Plaintiff to exercise reasonable care in the marketing, sale, placement of warnings, inspection and installation of reasonable safety devices and/or to warn of any defects or other dangers which might cause injuries before placing the subject boat into the stream of commerce.

**ANSWER:** The allegations in Paragraph 16 are legal conclusions to which no response is required. To the extent a response is required, Polaris denies the allegations in Paragraph 16 of the Complaint.

17.     Defendant breached the above and other duties to Plaintiff and were otherwise negligent by, and among other things:

   a.  designing the subject watercraft in such a way to cause the entrapment defect and/or failing to design the subject boat it in such a way that the entrapment defect did not exist;

7

b.  failing to install adequate safety guards and/or devices at the entrapment defect point so to eliminate it;

c.  failing to properly inspect, test and market the handrail and gates, specifically the pinch points, and provide proper safety guard devices before placing the subject boat into the stream of commerce;

d.  failing to assure, after the subject boat had been placed into the stream of commerce, that remedial safety devices were installed and/or the subject boat was recalled for the installation of proper safety guard devices;

e.  failing to provide proper instructions and/or warning regarding the foreseeable dangers associated with the entrapment defect or to otherwise warn Plaintiff of the hazards inherent in using the handrails and gates while attempting to descend into the water;

f.  failing to equip the subject watercraft with "wedge guards" which were well known to the industry prior to the subject boat as a method to eliminate or substantially lessen the entrapment defect and consequent risk of injury;

g.  failing, after placing the subject watercraft into the stream of commerce and becoming aware of the entrapment defect, to recall the subject boat

or assuring an authorized dealer did so, so that the subject boat could be fitted with adequate guards so to eliminate the entrapment defect;

h.  failing to otherwise act as a reasonably prudent designer and manufacturer would under the same or similar circumstances.

**ANSWER:** Polaris denies the allegations contained in Paragraph 17 of the Complaint, including subparts a-h.

18.    The acts and/or omissions stated herein violate and otherwise breach the General Maritime Laws of the United States including, without limitation, The Jones Act, 46 U.S.C. §30104 et seq. entitling Plaintiff to all damages traditionally recoverable thereunder, including punitive damages.

**ANSWER:** Polaris denies the allegations contained in Paragraph 18 of the Complaint.

19.    As a direct, proximate and foreseeable result of Defendant's negligent acts or omissions, as recited above, Plaintiff sustained those injuries, as stated herein, and has otherwise suffered damages, including, without limitation:

a.  past and future medical expenses;

b.  permanent scarring and disfigurement and loss of use resulting from the amputation of the fifth digit of the right hand;

c.  past and future pain and suffering;

d.  past and future mental anguish and emotional distress;

e. any and all economic and non-economic damages allowed under Michigan law and/or the General Maritime Laws of the United States including, without limitation, The Jones Act, 46 U.S.C. §30104 et seq.

**ANSWER:** Polaris denies the allegations contained in Paragraph 19, including subparts a-e.

20. In addition or in the alternative foregoing, Defendant acted in a grossly negligent manner and otherwise in reckless and wanton disregard of the likelihood the subject boat contained the entrapment defect which posed a foreseeable danger to users, disregarded prior instances of traumatic finger injuries, failed to institute "remedial" measures to eliminate the entrapment defect and otherwise acted in callous disregard of the substantial probability that injury was likely to occur to Plaintiff or others similarly situated supporting the assessment of punitive damages of at least $5 million.

**ANSWER:** Polaris denies the allegations contained in Paragraph 20 of the Complaint.

## ANSWER TO COUNT TWO

21. Plaintiff incorporates by reference paragraphs 1-20 above as if set forth fully herein.

**ANSWER:** Polaris incorporates by reference its responses to Paragraphs 1-20 of the Complaint as if fully rewritten herein.

22.     Defendant designed and/or manufactured the subject boat.

**ANSWER:** Polaris admits the allegations contained in Paragraph 22 of the Complaint.

23.     The subject boat was defected [*sic*] and/or created an unreasonably dangerous condition and risk of injury as recited above.

**ANSWER:** Polaris denies the allegations contained in Paragraph 23 of the Complaint.

24.     As a direct, proximate and foreseeable result of the defects in the subject boat and/or the unreasonably dangerous conditions that were present on it, Plaintiff suffered those injuries stated herein.

**ANSWER:** Polaris denies the allegations contained in Paragraph 24 of the Complaint.

25.     The acts and/or omissions stated herein violate and otherwise breach the General Maritime Laws of the United States including, without limitation, The Jones Act, 46 U.S.C. §30104 et seq. entitling Plaintiff to all-damages traditionally recoverable thereunder, including punitive damages.

**ANSWER:** Polaris denies the allegations contained in Paragraph 25 of the Complaint.

## **ANSWER TO COUNT THREE**

26.     Plaintiff incorporates by reference paragraphs 1-25 above as if set forth fully herein.

**ANSWER:** Polaris incorporates by reference its responses to Paragraphs 1-25 of the Complaint as if fully rewritten herein.

27.     Defendant is a "seller" within the meaning of MCL Section 440.2103(1)(d).

**ANSWER:** The allegations in Paragraph 27 are legal conclusions to which no response is required. To the extent a response is required, Polaris admits the allegations in Paragraph 27 of the Complaint.

28.     The subject boat is a "good" within the meaning of MCL Section 440.2105(1).

**ANSWER:** The allegations in Paragraph 28 are legal conclusions to which no response is required. To the extent a response is required, Polaris admits the allegations in Paragraph 28 of the Complaint.

29.     Defendant expressly warranted via its user manuals, advertisements, pamphlets, brochures, circulars, samples and models that the subject boat was fit for the ordinary purpose for which it was sold and intended to be used.

**ANSWER:** Polaris denies the allegations contained in Paragraph 29 of the Complaint.

30.     Defendant's express warranties were part of the basis for of the bargain between it and the buyer and ultimately the end user, including Plaintiff.

**ANSWER:** The allegations in Paragraph 30 are legal conclusions to which no response is required. To the extent a response is required, Polaris denies the allegations in Paragraph 30 of the Complaint.

31.     Defendant breached the express warranties because the subject boat was not fit for the ordinary purposes for which such goods are used.

**ANSWER:** Polaris denies the allegations contained in Paragraph 31 of the Complaint.

32.     As a direct, proximate and foreseeable result of Defendant's breach of expressed warranty, Plaintiff suffered those damages stated herein.

**ANSWER:** Polaris denies the allegations contained in Paragraph 32 of the Complaint.

33.     The acts and/or omissions stated herein violate and otherwise breach the General Maritime Laws of the United States including, without limitation, The Jones Act, 46 U.S.C. §30104 et seq. entitling Plaintiff to all damages traditionally recoverable thereunder, including punitive damages.

**ANSWER:** Polaris denies the allegations contained in Paragraph 33 of the Complaint.

## ANSWER TO COUNT FOUR

34.     Plaintiff incorporates by reference paragraphs 1-33 above as if set forth fully herein.

**ANSWER:** Polaris incorporates by reference its responses to Paragraphs 1-33 of the Complaint as if fully rewritten herein.

35.     The subject boat is a "good" within the meaning of MCL 440.2105(1).

**ANSWER:** The allegations in Paragraph 35 are legal conclusions to which no response is required. To the extent a response is required, Polaris admits the allegations in Paragraph 35 of the Complaint.

36.     Defendant [*sic*] a "merchant" within the meaning of MCL 440.2104(1).

**ANSWER:** The allegations in Paragraph 36 are legal conclusions to which no response is required. To the extent a response is required, Polaris admits the allegations in Paragraph 36 of the Complaint.

37.     Defendant impliedly warranted that the subject boat was merchantable and was part of the basis of the bargain of the original sale.

**ANSWER:** Polaris denies the allegations contained in Paragraph 37 of the Complaint.

38.     Defendant breached the implied warranty of merchant ability because the subject boat was not fit for the ordinary purposes for which such goods are sold for, without limitation, those reasons stated herein.

**ANSWER:** Polaris denies the allegations contained in Paragraph 38 of the Complaint.

39.    As a direct, proximate and foreseeable result of the defects in the subject boat and/or the unreasonably dangerous conditions that were present on it, Plaintiff suffered those injuries stated herein.

**ANSWER:** Polaris denies the allegations contained in Paragraph 39 of the Complaint.

40.    The acts and/or omissions stated herein violate and otherwise breach the General Maritime Laws of the United States including, without limitation, The Jones Act, 46 U.S.C. §30104 et seq. entitling Plaintiff to all damages traditionally recoverable thereunder, including punitive damages.

**ANSWER:** Polaris denies the allegations contained in Paragraph 40 of the Complaint.

## ANSWER TO COUNT FIVE

41.    Plaintiff incorporates by reference paragraphs 1-40 above as if set forth fully herein.

**ANSWER:** Polaris incorporates by reference its responses to Paragraphs 1-40 of the Complaint as if fully rewritten herein.

42.    Defendant knew or reasonably should have known that the subject boat was defective prior to the product being placed into the stream of commerce.

Alternatively, Defendant came into knowledge of the defects and dangers posed by the foreseeable use of the subject boat after the product was placed into the stream of commerce, yet Defendant did nothing to warn Plaintiff or others similarly situated of the known dangers.

**ANSWER:** Polaris denies the allegations contained in Paragraph 42 of the Complaint.

43.     In addition or in the alternative foregoing, Defendant failed to recall the subject watercraft and/or otherwise retrofit the subject-watercraft with reasonable safety devices to eliminate the entrapment defect.

**ANSWER:** Polaris denies the allegations contained in Paragraph 43 of the Complaint.

44.     The placement of the subject boat into the stream of commerce was a "consumer transaction" and, therefore, subject to the protection of the Michigan Consumer Protection Act, which covers Plaintiff.

**ANSWER:** The allegations in Paragraph 44 are legal conclusions to which no response is required. To the extent a response is required, Polaris denies the allegations in Paragraph 44 of the Complaint.

45.     Defendant concealed and/or failed to warn the public, including Plaintiff, that the subject watercraft was defective.

**ANSWER:** Polaris denies the allegations contained in Paragraph 45 of the Complaint.

46.     Such concealment and/or failure to inform constitutes an unfair, unconscionable or deceptive act or practice within the meaning of the Michigan Consumer Protection Act, MCL Section 445.901 et sec.

**ANSWER:** Polaris denies the allegations contained in Paragraph 46 of the Complaint.

47.     As a direct, proximate and foreseeable result of Defendants' concealment and/or failure to inform and otherwise there was breach stated herein, Plaintiff suffered those damages and injuries stated herein.

**ANSWER:** Polaris denies the allegations contained in Paragraph 47 of the Complaint.

WHEREFORE, Polaris requests that this honorable Court enter an order dismissing the Complaint in its entirety with prejudice, awarding Polaris its costs, including reasonable attorneys' fees, and granting any other relief that this Court deems appropriate.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff's claims are barred by the applicable statutes of limitation.

3.     Plaintiff's alleged damages were caused by misuse, abnormal use, improper maintenance, or use of the subject vehicle in a manner not intended by Polaris and over which Polaris had no control.

4.     Plaintiff's alleged damages were the result of the contributory or comparative negligence or fault of the Plaintiff or the comparative negligence or fault of other parties or third parties over whom Polaris had no control or right of control, and, as such, any recovery upon the claims asserted by Plaintiff is barred or proportionately reduced as to Polaris.

5.     Plaintiff's claims are barred, in whole or in part, by his failure to mitigate his damages.

6.     Plaintiff's alleged damages were the result of intervening or superseding acts over which Polaris had no control.

7.     At the time it was manufactured, the subject vehicle conformed with all then existing applicable statutes and regulations.

8.     The production of the subject boat was in accordance with generally recognized and prevailing nongovernmental standards in existence at the time the subject boat was sold to the initial purchaser.

9.     At the time it was manufactured, the subject boat conformed with the state-of-the-art.

10.     Plaintiff's alleged damages were caused by the intentional or negligent actions of third parties over which Polaris had no control.

11.     Polaris reserves the right to raise an affirmative defense that Plaintiffs have failed to join all parties necessary for the just adjudication of this action should discovery reveal the existence of facts to support such a defense.

12.     Polaris reserves the right to assert any additional relevant affirmative defenses of which it becomes aware through the discovery process.

13.     Polaris alleges that Plaintiff's claims and/or causes of action are barred, in whole or in part, by applicable maritime law.

WHEREFORE, Polaris requests that this honorable Court enter an Order dismissing the Complaint in its entirety with prejudice, awarding Polaris its costs, including reasonable attorneys' fees, and granting any other relief that this Court deems appropriate.

Dated: December 9, 2020               Respectfully Submitted,

                                      **/s/ Dawn M. Beery**
                                      Dawn M. Beery
                                      BENESCH, FRIEDLANDER,
                                      COPLAN & ARONOFF LLP
                                      71 South Wacker Dr.
                                      Suite 1600
                                      Chicago, IL 60606
                                      P: (312) 212-4968
                                      dbeery@beneschlaw.com

                                      Anthony C. Sallah (P84136)
                                      BARNES & THORNBURG, LLP

171 Monroe Avenue, NW
Suite 1000
Grand Rapids, MI  49503
P: (616) 742-3976
asallah@btlaw.com

***Attorneys for Defendants Boat Holdings, LLC d/b/a Bennington Marine, now known as Polaris Boats LLC and Polaris Inc.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 9, 2020, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to counsel for all parties that have appeared in the case by operation of the Court's electronic filing system (CM/ECF).  Parties may access this filing through the Court's system.

/s/  ***Dawn M. Beery***
Dawn M. Beery
*Attorney for Defendants Boat Holdings, LLC d/b/a Bennington Marine, now known as Polaris Boats LLC and Polaris Inc.*