UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **NATHAN CLARK,** <br><br> Plaintiff, <br><br> vs. <br><br> **BOAT HOLDINGS, LLC, and POLARIS INC.,** <br><br> Defendants. | 2:20-CV-13078-TGB-DRG <br><br> HON. TERRENCE G. BERG <br> HON. DAVID R. GRAND <br><br><br> **ORDER GRANTING DEFENDANTS' MOTION TO AMEND ANSWER** <br><br> **(ECF NO. 16)** |

This matter is before the Court on Defendants' Motion for leave to file an Amended Answer (ECF No. 16). Plaintiff filed this products liability action in state court in September, 2020. ECF No. 1-1. Defendants removed the case to this Court shortly thereafter, and filed their Answer on December 9, 2020. ECF No. 8. Now, Defendants argue that they have discovered new information that bears on their liability, and seek to file an Amended Answer.

Federal Rule of Civil Procedure 15(a)(2) provides that a pleading may be amended with leave of court. Courts are directed to "freely give leave when justice so requires." F.R.C.P. 15(a)(2). The "thrust" of Rule 15 is to "reinforce the principle that cases should be tried on their merits

1

rather than the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (internal marks and citation omitted). When considering whether amendment should be allowed, the Sixth Circuit has directed lower courts to consider, among other things: "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (citation omitted). Notice and substantial prejudice to the opposing party are the "critical factors" to be considered. *Id*.

While this new information could have, and perhaps should have, been discovered earlier, the Court finds no evidence of undue delay or bad faith. Plaintiff argues that Defendants have not shown good cause for this delay, but a showing of good cause is not required for amendment. F.R.C.P. 15(a)(2). Additionally, Plaintiff has been on notice of Defendants' new arguments since Defendants supplemented their initial disclosures on August 3, 2021, ECF No. 16-4, PageID.153, and provided Plaintiff with a copy of the proposed Amended Answer on August 13, 2021. ECF No. 16-5, PageID.157. The discovery period had not yet closed when these disclosures were made, and has been extended by stipulation of the parties. Therefore, the Court concludes that any prejudice to Plaintiff as a result of the proposed amendment would be minimal.

The Court notes that it has already entered a stipulated order extending the discovery cutoff to January 14, 2022. *See* ECF No. 17, PageID.163. That may have resolved any potential discovery issues that may arise from Defendants' amended defenses. However, to ensure that Plaintiff is not prejudiced, the Court will entertain a short additional extension of the discovery period if agreed upon by the parties. The Court also notes that Plaintiff may wish to file an Amended Complaint in light of this Order. ECF No. 19, PageID.170. Should Defendants fail to concur in such an amendment, the Court will entertain Plaintiff's request for leave to amend.

Accordingly, it is hereby **ORDERED** that Defendants' Motion to Amend (ECF No. 16) is **GRANTED**. The parties are directed to meet and confer to determine whether further extension of discovery will be necessary in light of this Order, and if it is, must submit a proposed stipulated scheduling order within ten days of this Order. If the parties are unable to reach an agreement, they must file on the docket a joint notice containing each party's proposed case management dates.

**SO ORDERED** this 22nd day of December, 2021.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

3